UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYKO GLOBAL INC,<br><br>Plaintiff,<br><br>v.<br><br>PRITHVI INFORMATION SOLUTIONS LTD, et. al.<br><br>Defendants. | CASE NO. C13-1034-MJP<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Defendants' motion for a temporary restraining order. (Dkt. No. 22.) Having reviewed the motion, Plaintiff's response (Dkt. No. 35), Defendants' reply (Dkt. No. 39), and all related papers, the Court DENIES the motion because Defendants fail to establish the necessary elements for a temporary restraining order.

**Background**

This case involves a dispute between Plaintiff Kyko and Defendant Prithvi Information Services regarding the payment of factoring services. This Court previously issued a motion for a temporary restraining order, finding it appears Defendants "have engaged in a pattern and

ORDER DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER- 1

practice of creating fictitious entities for the appearance of imitating legitimate business transactions and companies" and that "irreparable injury would result if the status quo is not maintained." (Dkt. No. 11.) In its Complaint, Kyko alleges Defendants owed it $18,000,000. (Dkt. No. 1.) In June 2013, the parties notified the Court of a settlement before the TRO became effective.

In their settlement agreement, Defendants agreed to pay $18,000,000 to Plaintiff in exchange for dismissal of this case. Defendants also granted Plaintiff control over its bank accounts to manage and control until the debt was satisfied. Pursuant to the settlement agreement, Defendants signed confessions of judgment. The parties agreed that if Defendants breached the settlement agreement, Plaintiff could file the confessions of judgment.

On July 31, 2013, Plaintiff notified Defendants they were in breach of the settlement agreement and gave three days to cure or the confessions of judgment would be filed. .

Defendants now move for a temporary restraining order to prevent the filing of the confessions of judgment.

**Analysis**

A. Legal Standard

The "standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction." Beaty v. Brewer, 649 F.3d 1071, 1072 (9th Cir. 2011). "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Natural Res. Defense Council, Inc., 555 U.S. 7, 21 (2008). A party can satisfy the first and third elements of the test by raising serious questions going to the merits of its case and a balance of hardships that tips sharply in its favor. Alliance for the Wild Rockies v. Cottrell, 632

1  F.3d 1127, 1131. (9th Cir. 2011).  The primary difference between a preliminary injunction and a

2  TRO, like the one at issue here, is that a court can issue a TRO without notice to the adverse

3  party. Fed.R.Civ.P. 65(b)(1)(A).

4  B.  Defendants fail to establish elements for a TRO

5     1.  Success on the merits

6     Defendants' motion fails to show any chance of success on the merits of their argument to set

7  aside the settlement agreement.  A likelihood of success on the merits "requires more than a

8  mere possibility that relief will be granted." Nken v. Holder, 556 U.S. 418, 420 (2009).

9     Defendants' arguments to set aside the settlement agreement are based on a strained and

10  illogical reading of that agreement.  First, the settlement agreement was supported by

11  consideration: mutual promises are legally supported consideration.  "Whether a contract is

12  supported by consideration is a question of law and may be properly determined by a court on

13  summary judgment." Nationwide Mut. Fire Ins. Co. v. Watson, 120 Wn.2d 178, 195 (1992).

14  Consideration is defined as any "act, forbearance, creation, modification or destruction of a legal

15  relationship, or return promise given in exchange." King v. Riveland, 125 Wn.2d 500, 505

16  (1994).  Here, Plaintiff agreed to pay $18,000,000 in exchange for dismissal of the pending case.

17     Second, Defendants are unlikely to succeed in proving the contract illusory.  Defendants

18  claim the contract term that provided Kyko retained "sole discretion" to determine if Defendants

19  had breached the settlement agreement and to file the confessions of judgment in court. (Dkt.

20  No. 22 at 8.)  Defendants' argument is based on an incorrect reading of the applicable law.  In

21  Al-Safin v. Circuit City Stores, the Ninth Circuit interpreted Washington law as preventing an

22  employer for unilaterally modifying an arbitration provision after an employee executed the

23  agreement.  394 F.3d 1254 (9th Cir. 2005).  That case does not stand for the proposition that it is

24

unconscionable for a party to retain the authority to file a confession of judgment if it decides the other party is in breach.  And, the other cases cited by Defendants do not address Washington law.  Patton v. Cox, 276 F.3d 493, 495 (9th Cir. 2002) (Federal courts sitting in diversity "must look to the forum state's choice of law rules to determine the controlling substantive law.").  Third, Defendant's are unlikely to succeed in showing the contract lacked mutual assent.  As Plaintiff persuasively argues, although the specific documents were not attached, the terms of the agreement provided for such access and control.  For example, the settlement agreement grants Plaintiff access to bank information.  If acquiring this bank information requires the execution of a power of attorney, that document is a necessarily component of effecting the settlement agreement's terms. (Dkt. No. 35 at 12.)

  Defendants fail to show they are likely to succeed on the merits.

  2.  Irreparable harm

  Defendants' motion for aTRO also fails because the injury Defendants allege—an inability to pay their employees—is speculative.  To support the entry of a preliminary injunction or temporary restraining order, irreparable harm must be "likely, not just possible." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).  The Ninth Circuit has long held that "speculative injury does not constitute irreparable injury." Colorado River Indian Tribes v. Parker, 776 F.2d 846, 849 (1985).  Defendants do not explain how or why, if the confessions of judgments signed by the individual defendants were filed, they would be unable to make its payroll or that they would suffer a loss in market share.  Further, economic injury alone does not support a finding of irreparable harm because such an injury can be remedied by an award of money damages. Rent-A-Center v. Canyon Television & Appliance Rental, Inc., 944 F.2d 597, 603 (9th Cir. 1991).  Finally, it appears to this Court that if harm does result, the injury is self-inflicted.  Plaintiffs allege Defendants failed to pay $18,000,000 for factoring services by

creating fictitious companies. This Court has already found sufficient proof of such fraud as to order a temporary restraining order. If these allegations are true, the filing of a confession of judgment for monies unlawfully taken cannot constitute irreparable injury.

3. Balance of equities

The balance of equities does not favor Defendants. As discussed in the preceding section, Defendants arguments as to the harm it would suffer if the confession of judgment were filed is at best speculative. In contrast, Washington favors public acknowledgement of debts related to litigation and are intended to resolve disputes among parties. RCW 4.60.040; Copeland Planned Futures, Inc. v. Obenchain, 9 Wn. App. 32, 36, 510 P.2d 654 (1973). Defendants entered into a settlement agreement and agreed to pay $18,000,000. Pursuant to that agreement, they signed confessions of judgment and documented that debt. The balance of equities falls in favor of Plaintiff's ability to collect on that debt.

4. Public interest

Defendants also fail to establish a TRO is in the public's interest. "The public interest analysis for the issuance of a preliminary injunction requires [the court] to consider whether there exists come critical public interest that would be injured by the grant of preliminary relief." Indep. Living Ctr. Of S. Cal., Inc. v. Maxwell-Jolly, 572 F.3d 644, 659 (9th Cir. 2009) vacated and remanded on other grounds sub nom. Douglas v. Indep. Living Ctr. of S. Cal., Inc., 132 S. Ct. 1204 (2012). Because this is a breach of contract case between two private parties, the public interest is minimal here. The public has an interest in the enforcement of settlement agreements and confessions of judgment being filed in open court. See RCW 4.60.010.

5. Bond

Because the Court finds no TRO should issue, it does not reach the issue of the proper amount of a bond.

**Conclusion**

Because Defendants have failed to show they are likely to succeed on the merits or they would suffer irreparable injury absent injunctive relief, the Court DENIES the motion for a temporary restraining order.

The clerk is ordered to provide copies of this order to all counsel.

Dated this <u>14th</u> day of August, 2013.

_____
Marsha J. Pechman
Chief United States District Judge