UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYKO GLOBAL INC, | CASE NO. C13-1034-MJP |
| Plaintiff, | ORDER DENYING MOTION TO AMEND JUDGMENT |
| v. | |
| PRITHVI INFORMATION SOLUTIONS LTD, et. al., | |
| Defendants. | |

   This matter comes before the Court on Defendants' motion to amend the judgment. (Dkt. No. 122.) Having reviewed the motion, the response (Dkt. No. 126)[1], the reply (Dkt. No. 129), and all related papers, the Court DENIES the motion.

---

   [1] Defendants move to strike the response brief and declaration from Plaintiffs' counsel because the documents were filed on February 19, 2014, one day late under the local rules. Plaintiffs' counsel filed a supplemental declaration, explaining the late filing was the result of office oversight. The Court DENIES the motion, finding Defendants suffered no prejudice from the late filing. Even if the Court were to strike the materials, the motion to amend would still fail, under the plain language of the confessions of judgment, which are already a part of this Court's record.

ORDER DENYING MOTION TO AMEND
JUDGMENT- 1

Defendants move for relief from judgment under Federal Rule 60(b).  Rule 60(b) permits a Court to relieve a party from a final judgment upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered with reasonable diligence; (3) fraud, misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief.  Fed.R.Civ.P. 60(b).  Defendants argue the following judgment should be amended due to the Court's mistake:

> THE COURT HAS ORDERED THAT judgment should be entered against Prithvi Information Solutions, Ltd.; Prithvi Information Solutions International, LLC; Prithvi Catalytic, Inc.; Prithvi Solutions, Inc.; Inalytix, Inc.; Avani Investments, Inc.; Ananya Capital, Inc.; Madhavi Vuppalapati; DCGS, Inc.; EPP, Inc.; Financial Oxygen, Inc.; Huawei Latin American Solutions, Inc.; and L3C, Inc. in the amount of $17,568,854 plus prejudgment interest accruing at the rate agreed to between the parties at 2.45% per month in the total amount of $796,776, as confessed to by the Defendants under the Washington statutory procedure set forth under RCW 4.60.010 *et seq.* The Court awards attorneys' fees in the amount of $72,000.25 to Plaintiffs.

(Dkt. No. 116.)  Defendants argue the Court erred in imposing a post-judgment interest rate of 2.45%, rather than the statutory rate under 28 U.S.C. §1961.

As a general rule, in diversity actions, such as this one, state law determines the rate of prejudgment interest, and post-judgment interest is governed by federal law.  Northrop Corp. v. Triad Int'l Marketing, S.A., 842 F.2d 1154, 1155 (9th Cir. 1988).  The method of calculating the federal statutory rate is set forth in 28 U.S.C. § 1961(a):

> [s]uch interest shall be calculated from the date of entry of the judgment, at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of judgment.

However, parties may agree to a different interest rate, thereby waiving the rate prescribed in §1961.  Citicorp Real Estate, Inc. v. Smith, 155 F.3d 1097, 1107 -1108 (9th Cir. 1998)( "[t]he

parties mutually agreed on the interest rate in the promissory note[s], including the rate that would apply in the event that Smith defaulted on the note[s].")

The Parties in the case before the bar, did exactly that: like the litigants in <u>Citicorp</u>, they mutually agreed to apply a post judgment interest rate different than the amount provided for in 28 U.S.C. §1961.  The confessions of judgment provided for post judgment interest rate of 2.45%:

> Defendant [name of each defendant]...confesses judgment in favor of Plaintiff Kyko Global GMBH in the amount of $18,000,000 plus costs, attorneys' fees, and interest at the rate of 2.45% per month, calculated weekly, beginning June 25, 2013.

(Dkt. No. 50 at 2.)  The specification by the Parties of a particular interest rate, indicates their intent to deviate from §1961.

Defendants argue the 2.45% interest rate was not intended to apply post-judgment. Pointing to the settlement agreement between the Parties, Defendants contend, "simply stating a general interest rate under an agreement does not constitute a clear and unequivocal agreement and the federal rate will apply."  (Dkt. No. 129 at 4-5.)  Defendants' position errs both legally and factually.  Legally, Defendants err in their reliance on a 2010 Eastern District of Kentucky case, <u>Jack Henry & Associates, Inc. v. BSC, Inc.</u>, 753 F.Supp.2d 665 (E.D.Ky. 2010), which is neither authoritative nor applicable.  Unlike the case before the bar, <u>Jack Henry</u> addressed interest rates provision in a contract regarding any "outstanding balances."  In contrast, here, the 2.45% was agreed to in Defendants' confessions of judgment.  Factually, Defendants fail to address the confession of judgment, which explicitly indicates an interest rate of 2.45% applies. Although Defendants argue this too is vague because the document does not explicitly state the 2.45% interest rate applied to post-judgment interest, that argument defies logic.  Under the Parties' settlement agreement, the confessions of judgment were to be filed with this Court only

1   if Defendants breach their settlement agreement.  Thus, the inclusion of the 2.45% interest rate is

2   premised on the notion it was to apply it post-judgment, only after the confessions of judgment

3   were filed with this Court.

4           In sum, the Court finds the Parties waived the statutory post-judgment interest rate in

5   §1961, when they agreed a 2.45% rate would apply.  The Court finds no basis to amend the

6   judgments.

7           The clerk is ordered to provide copies of this order to all counsel.

8           Dated this 14th day of March, 2014.

9

10                                                  Marsha J. Pechman
                                                    Chief United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING MOTION TO AMEND
JUDGMENT- 4