UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYKO GLOBAL INC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PRITHVI INFORMATION SOLUTIONS LTD, et al., <br><br> Defendants. | CASE NO. C13-1034 MJP <br><br> ORDER GRANTING IN PART DEFENDANT ANANDHAN JAYARAMAN'S MOTION FOR SUMMARY JUDGMENT |

This matter is before the Court on Defendant Anandhan Jayaraman's motion for summary judgment. The Court considered the motion, all responsive pleadings, and all relevant documents. The Court GRANTS summary judgment in favor of Jayaraman in his individual capacity, but DENIES summary judgment as to the marital community composed of Jayaraman and his spouse Madhavi Vuppalapati.

**<u>Background</u>**

Plaintiffs Kyko Global, Inc. and Kyko Global GMBH (together "Kyko") are in the business of factoring – a type of financial arrangement where Kyko fronts money as advances on

customer account receivables.  (Dkt. No. 11.)  In this fraud case, Kyko alleges Defendants created fictitious entities for the appearance of imitating legitimate business transactions and companies.  (Dkt. No. 1.)  Plaintiffs allege that using these sham companies as supposed account receivables of five legitimate companies, Defendant Prithvi Information Solutions Ltd ("PISL") and its affiliates, officers, directors and certain individuals acting in concert contracted with Kyko for factoring services.  (Dkt. No. 11. at 2.)  PISL and several affiliated companies executed guarantees with Kyko, promising to pay any obligation owed under the factoring agreement.  Kyko alleges that in early 2013, Defendants stopped paying their invoices, leaving $17,000.00 outstanding.  (Dkt. No. 11 at 4.)

The Complaint alleges eight causes of action.  Against all Defendants, Plaintiffs allege (1) Fraud, (2) Negligent/intentional Misrepresentation, (3) Conversion, (4) unjust enrichment; (5) Civil RICO claims for wire and mail, (6) financial institution fraud, and (7) temporary and preliminary injunctive relief.  Against the entities who signed the guarantees, Plaintiffs allege breach of guarantees.

Based on the Complaint and declarations submitted by Plaintiff, this Court issued an ex parte Temporary Restraining Order, finding Plaintiffs adequately pled a prima facie case for fraud and were likely to succeed on the merits of their claims.  (Id. at 10.)  Shortly after the Order, twelve of the named Defendants, including Madhavi Vuppalapati, settled and confessed to judgment.  (Dkt. Nos. 70, 116.)

Defendant Anandhan Jayaraman is the spouse of Madhavi Vuppalapati. (Dkt. No. 131 at 2.) Jayaraman previously moved to be dismissed from this case, arguing Plaintiffs failed to plead claims against him with the particularity required by Fed. R. Civ. P. 9(b). (Dkt. No. 99.) The

Court denied the motion, finding the allegations against Jayaraman were sufficient to meet the Rule 9(b) standard. (Dkt. No. 121 at 7.)

Jayaraman now moves for summary judgment in his favor. (Dkt. No. 131.) Jayaraman argues Plaintiffs have failed to engage in any discovery against him, and no evidence implicates him in the alleged scheme. (Id. at 3.) Jayaraman asserts the Prithvi entity he was associated with, Prithvi Solutions, Inc., a Pennsylvania Corporation, is not a named defendant and was dissolved in 2010, prior to the time any Defendants had a relationship with Plaintiffs. (Id.) Jayaraman testifies in his declaration he has not had any association with any of the Prithvi companies since they have had a relationship with Plaintiffs. (Dkt. No. 132 at 2.) Although he acknowledges he was an incorporator and president of International Business Solution, Inc. ("IBS"), one of the named Defendants, he asserts he never had any interaction with any of the Plaintiffs and he has not taken any actions on behalf of IBS since 2009 except for asking the Internal Revenue Service to cancel the company's Employer Identification Number. (Id.) Jayaraman says he "never received any money, profits or property of the Plaintiffs and . . . has not ever interfered with, taken or utilized Plaintiffs' money or chattel." (Dkt. No. 131 at 8-9.)

Jayaraman also asserts he is being kept in the proceeding only so Plaintiffs can reach his separate property. (Dkt. No. 131 at 7.) He claims all of his assets are separate property, and he should not be held liable for any judgment against Vuppalapati. (Id. at 2.) Jayaraman asserts his assets are separate property because he and Vuppalapati entered into an oral agreement to keep their finances and property separate, and they did not co-mingle their finances during their marriage, demonstrating the terms of their agreement. (Id. at 11.) In his Reply, Jayaraman admits a home in Pittsburgh, Pennsylvania is community property.

Plaintiffs oppose Jayaraman's motion for summary judgment, contending issues of material fact remain. (Dkt. No. 132.) Plaintiffs first point to documents allegedly demonstrating Jayaraman received at least three money transfers from Prithvi Information Solutions International LLC, in the amounts of $40,000, $10,000, and $12,000 in the years 2011 and 2012. (Dkt. No. 141-8.) Jayaraman moves to strike this exhibit for lack of foundation and lack of personal knowledge. (Dkt. No. 146 at 3.) Plaintiffs also point to a transaction receipt allegedly showing a wire transfer from Defendant entity DCSG Inc, made from the address 333 S. Highland Ave. Apt. 602, Pittsburgh, Pennsylvania, in the amount of $418,256.00 to Plaintiff Kyko Global GMBH. (Dkt. No. 141-9 at 2.) Jayaraman testified in his deposition he is an owner of the property at 333 S. Highland Ave. (Dkt. No. 141-10 at 3.) Jayaraman moves to strike his testimony and the wire transfer receipt for lack of foundation and lack of personal knowledge. (Dkt. No. 146 at 3.) Additionally, Plaintiffs contend Inalytix Inc., one of the companies Plaintiffs have a judgment against in this action, operated out of Jayaraman's Bellevue, Washington home. (Dkt. No. 141 at 5.) As to the issue of community property, Plaintiffs contend summary judgment is inappropriate because Jayaraman's contention his property is entirely separate from Vuppalapati's is contradicted by the shared property in Pittsburgh and the transfer of monies discussed above. (Dkt. No. 138 at 16-21.)

Plaintiffs ask for an extension of time to continue discovery to oppose the motion for summary judgment pursuant to Fed. R. Civ. P. 56(d). Plaintiffs argue the Parties agreed between themselves earlier in the litigation to seek a modification of the Scheduling Order in this case. (Dkt. No. 138 at 4.) The Parties never filed any motion to modify the deadlines with the Court. (Id.) The discovery deadline passed on February 7, 2014. (Dkt. No. 76.)

**Analysis**

I.   Fed. R. Civ. P. 56(d) motion

The motion for an extension of discovery time to respond to the motion for summary judgment is DENIED. Under Fed. R. Civ. P. 56(d), "the district court may refuse to grant the party's application for summary judgment if the opposing party needs time to discover central facts." Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 523 (9th Cir. 1989). If a nonmovant shows by declaration or affidavit it cannot present facts essential to justify its opposition for specific reasons, the court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Id. The court may order a continuance for a summary judgment motion if the requesting party "submits affidavits showing that, without Rule 56 assistance, it cannot present facts necessary to justify its claims." Family Home and Fin. Center, Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008). The party making the request must show:

> (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment.

Id. The party must also show it has diligently pursued discovery. Qualls By and Through Qualls v. Blue Cross of Cal., Inc., 22 F.3d 839, 844 (9th Cir. 1994). If the requesting party does not comply with these requirements, the court may proceed to summary judgment. Id. The burden lies with "the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists" and that it would prevent summary judgment. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 921 (9th Cir. 1996).

The motion for summary judgment at issue here was filed March 10, 2014. (Dkt. No. 131.) The discovery deadline set by this Court passed on February 7, 2014. (Dkt. No. 76.) Until the request for a Rule 56(d) continuance included in Plaintiffs' response to Jayaraman's motion

for summary judgment, the Court received no motion to extend any discovery deadline. Although Plaintiffs submit the declarations of Keith A. Pitt and Ian Messerele to demonstrate the substantial efforts expended on discovery in this litigation, they do not dispute that no stipulation or motion regarding an extension of discovery time was ever filed with the Court. (Dkt. Nos. 139 and 140.) Having had the benefit of a full discovery period, the Court finds no reason or good cause to delay Jayaraman's motion for summary judgment to allow Plaintiffs additional discovery time. The motion for a Rule 56(d) extension of time is DENIED.

II.     Evidentiary Objections

Federal Rule of Civil Procedure 56 requires a party asserting that a fact cannot be or is genuinely disputed support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers or other written materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). The 2010 Amendments to Rule 56 allow a party to "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The comments to the 2010 amendments to Rule 56(c)(2) indicate an admissibility objection at the summary judgment stage "functions much as an objection at trial, adjusted for a pretrial setting. The burden is on the proponent to show that the material is admissible as presented or explain the admissible form that is anticipated." Id.

In the Ninth Circuit, authentication is a "condition precedent to admissibility." Orr v. Bank of Am., NT & SA, 285 F.3d 764, 773 (9th Cir. 2002). This condition is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims."

Fed. R. Evid. 901(a). Documents may be authenticated through the testimony of a witness with personal knowledge. Fed. R. Evid. 901(b)(1). An affiant seeking to authenticate a document via personal knowledge must be "a witness who wrote it, signed it, used it, or saw others do so." Sullivan v. City of Marysville, 2014 U.S. Dist. LEXIS 14318, *5 (W.D. Wash. Feb. 5, 2014)(internal citations omitted).

Kiran Kulkarni, Chief Executive Officer and founder of the Kyko entities, submitted an affidavit with several attached exhibits in opposition to summary judgment. (Dkt. No. 141). The moving Defendant raises objections to Exhibits 1, 2, 3, 7, 8, 9, 10 and 12 of the Kulkarni Declaration. (Dkt No. 146 at 3.) Kulkarni purports to authenticate these documents through his personal knowledge. (Id. at 2.) Kulkarni does not state that he wrote, signed, used, or saw others write, sign or use any of these documents. (Id.) Defendant objects to each of these exhibits on grounds of lack of personal knowledge, lack of proper foundation, and Kulkarni's failure to state he created the documents or is the custodian of records of the documents. (Id.)

The Court agrees with Defendant with respect to Exhibits 1, 2, 3, 8, 9, and 12, and STRIKES these Exhibits. Exhibit 1 is alleged to be a copy of the Articles of Incorporation for International Business Solutions, Inc. ("IBS"). (Dkt. No. 141 at 2.) Exhibit 2 is alleged to be the IBS Annual Report. (Id.) While these documents appear to be public records they are not self-authenticating as prescribed by Fed. R. Evid. 902(2) because they do not contain the requisite signatures or seals, and Kulkarni does not establish how these documents would be authenticated at trial. Exhibit 3 is alleged to be an affidavit of Vuppalapati and an affidavit of Guru Pandyr. Kulkarni does not provide a basis for his personal knowledge of this document and does not indicate how its contents would be admissible at trial.

1    Exhibit 8 is alleged to be an incomplete set of wire transfers from PNC Bank. (Dkt. No. 141 at 4.) The documents are unauthenticated and it is impossible to tell from the documents themselves exactly what they are. Inadequate foundation is laid, and the content of the documents is not admissible. Exhibit 9 is alleged to be copies of a wire transfer. Again, it is impossible to tell whether the documents are genuine and exactly what the documents represent from the documents themselves, and they are not properly authenticated. Exhibit 12 alleged to be a motion to compel and responsive briefing in related proceedings in Bankruptcy Court. (Dkt. No. 141 at 5.) A motion to compel is not a statement by an individual; it is a statement by an advocate and is not admissible evidence. Inadequate foundation is laid and the contents of the above described documents are not admissible. Plaintiffs have not met their burden of showing the contents of these documents could be admissible at trial in a form other than the one in which they are presently presented. The objections to Exhibits 1, 2, 3, 8, 9, and 12 are SUSTAINED.

The objection to Exhibit 7 is DENIED. Exhibit 7 is alleged to be a subpoena issued by this Court and could be admissible at trial as a self-authenticating public record. However, the Court notes the Exhibit contains no proof of service. The objection to Exhibit 10 is also DENIED. Exhibit 10 appears to be Jayaraman's own deposition, and would be admissible at trial as an admission of a party opponent. Fed. R. Evid. 801(d)(2).

III.    Summary Judgment Motion

Summary judgment is warranted if no material issue of fact exists for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996). The underlying facts are viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Summary judgment will not lie if .

1 . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

2 Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). ) Because a mere scintilla of

3 evidence is insufficient to create a factual dispute, the non-moving party must set forth specific

4 facts demonstrating a genuine issue of fact for trial. Id. at 252. The party moving for summary

5 judgment has the burden to show initially the absence of a genuine issue concerning any material

6 fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). If the moving party makes this

7 showing, the burden shifts to the nonmoving party to establish the existence of an issue of fact

8 regarding an element essential to that party's case, and on which that party will bear the burden

9 of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

10    A. Jayaraman as Individual Defendant

11    There is inadequate evidence to support the individual liability of Jayaraman as a defendant,

12 and no material issue of fact exists for trial. While Plaintiffs provide documents showing

13 Jayaraman had relationships during different periods of time with at least one of the Defendant

14 entities, the documents do not indicate he was involved with the companies during their alleged

15 involvement with Plaintiffs. (Dkt. Nos. 141-1, 141-2.) Plaintiffs bring forth no evidence linking

16 Jayaraman directly to the allegations in this case. Even if the Court were to consider the Exhibits

17 sticken above, they would produce no more than a "mere scintilla" of evidence, insufficient to

18 prevent summary judgment. Because Plaintiffs fail to show an issue of material fact as to

19 Jayaraman's individual liability, summary judgment is GRANTED in his favor.

20    B. Jayaraman as Member of Marital Community

21    Jayaraman remains in this case as a member of his marital community. "In Washington,

22 all property acquired during the marriage is presumptively community property. Spouses may by

23 contractual agreement change their community property into separate property. However, to

24

recognize any such agreement, our courts have required clear and convincing evidence to overcome the heavy presumption of its character as community property." In re Marriage of Mueller, 140 Wn. App. 498, 501 (2007). A spouse claiming property which would ordinarily be community property is agreed to be separate property must establish by clear and convincing evidence both "(1) the existence of the agreement and (2) that the parties mutually observed the terms of the agreement throughout their marriage." Id. at 502. While agreements may be written or oral, oral agreements are "more difficult to prove, [and] courts will overturn an oral property agreement if the parties do not consistently adhere to the agreement during their marriage." Id. at 505.

Jayaraman has not established by clear and convincing evidence an oral agreement to keep property separate existed between himself and Vuppalapati, nor has he established any such agreement was adhered to. Jayaraman's self-serving affidavit stating that he and Vuppalapati agreed to keep their property and finances separate is not the type of evidence sufficient to overturn the community property presumption. (Dkt. No. 132 at 3.) The declaration itself indicates the alleged separate property agreement has not been consistently adhered to, stating the marriage has existed since the year 2001, but taxes have only been filed separately for the past 10 years. (Id. at 4.) Additionally, inconsistencies exist between Jayaraman's motion for summary judgment, where he claims all of his property is separate property, and his reply brief, where he acknowledges the Pittsburgh property is community property. (Dkt. Nos. 131 at 11 and 146 at 13.) Jayaraman fails to meet his burden to avoid the community property presumption. Summary judgment is DENIED as to Jayaraman's continuing presence in this case as a member of his marital community.

## Conclusion

Plaintiffs, having had the full benefit of discovery, fail to demonstrate a remaining issue of material fact as to Jayaraman's individual involvement with the allegations in this case and summary judgment is GRANTED in favor of Jayaraman as to his individual liability. However, Jayaraman fails to establish this Court should depart from the community property presumption, and Jayaraman remains in this case as a member of his marital community.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 4th day of June, 2014.

_____
Marsha J. Pechman
Chief United States District Judge

ORDER GRANTING IN PART DEFENDANT
ANANDHAN JAYARAMAN'S MOTION FOR
SUMMARY JUDGMENT- 11