THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYKO GLOBAL, INC., a Canadian corporation, and KYKO GLOBAL GMBH, a Bahamian corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PRITHVI INFORMATION SOLUTIONS, LTD., a Pennsylvania corporation, PRITHVI CATALYTIC, INC., a Delaware corporation, PRITHVI SOLUTIONS, INC., a Delaware corporation, PRITHVI INFORMATION SOLUTIONS INTERNATIONAL, LLC, a Pennsylvania limited liability company, INALYTIX, Inc., a Nevada corporation, INTERNATIONAL BUSINESS SOLUTIONS, INC., a North Carolina, corporation, AVANI INVESTMENTS, Inc., a Delaware corporation, ANANYA CAPITAL Inc., a Delaware corporation, MADHAVI VUPPALAPATI AND ANANDHAN JAGARAMAN, husband and wife and the marital community composed thereof, GURU PANDYAR AND JANE DOE PANDYAR, husband and wife and the marital community composed thereof, and SRINIVAS SISTA AND JOHN DOE SISTA, husband and wife and the marital community composed thereof, DCGS, INC., a Pennsylvania company, EPP, INC., a Washington corporation, FINANCIAL OXYGEN, INC. a Washington corporation, HUAWEI LATIN AMERICAN SOLUTIONS, INC., a Florida corporation, L3C, INC., a Washington corporation.<br><br>Defendants. | NO.: 2:13-cv-01034<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISQUALIFY COUNSEL**<br><br>**NOTE ON MOTION CALENDAR: June 6, 2014** |

MOTION TO DISQUALIFY COUNSEL - 1
NO.: 2:13-cv-01034

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

*A. Objection to Kiran Kulkarni's Declaration in Opposition to Defendants' Motion to Disqualify Counsel.*

As an initial matter Defendants object to much of the content of Kiran Kulkarni's declaration. (doc. 198-4) He is not qualified to make many of the opinions because he is not qualified as an expert witness. Further, he lacks the requisite firsthand knowledge to testify to many of the facts he attempts to assert. Below is a list of the objectionable portions of Kulkarni's Declaration:

1. Paragraph 5. The statements made in this paragraph are both hearsay and the conclusions made in the paragraph are reserved for an expert witness.

   a. Kulkarni's statement "documents on the Madhavi computer clearly expose the source, type and location of millions of dollars of assets that the Defendants have been hiding and about which they have lied under oath to Kyko, the Department of Homeland Security, the United States Citizenship and Immigration Services'" is hearsay not subject to any exceptions and is clearly presented for the fact of the matter asserted and to sensationalize Plaintiffs' position. *See* FRE 801; *United States v. Marshall*, 762 F.2d 419, 425 (5th Cir. 1985).

   b. The implications of Kulkarni's statement—that he has uncovered an intricate financial scheme that defrauded numerous entities as well as the federal government is expert testimony. However, as the agent of Plaintiffs he cannot provide opinion testimony. Even if he was not the agent of Plaintiffs, he is not qualified to give opinion testimony that would be reserved to a forensic accountant, not a fact witness. FRE 601; FRE 703; *Virginia Elec. & Power Co. v. Sun Shipbuilding & Dry Dock Co.*, 68 F.R.D. 397, 406 (E.D. Va. 1975).

2. Paragraph 15. Kulkarni's statement that "upon review of these documents, it was clear that they were forgeries" is inadmissible expert testimony and lacks foundation.

MOTION TO DISQUALIFY COUNSEL - 2
NO.: 2:13-cv-01034

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

     a.     Kulkarni is an agent of Plaintiffs and can only serve as a fact witness, not an opinion witness. *See Virginia Elec. & Power Co. v. Sun Shipbuilding & Dry Dock Co.*, 68 F.R.D. 397, 406 (E.D. Va. 1975); *see also* FRE 601.

3. Paragraph 17a-d. Kulkarni does not have firsthand knowledge regarding what he argues was a fraudulent scheme nor did Kulkarni attempt to file any supporting documents under seal to support the assertions contained therein. Further, Kulkarni's statements appear to be rendering a legal conclusion "Plaintiffs uncovered documents and evidence regarding Defendants' continued fraudulent activities…" All discussions about Cemetrix and the purported "Ericsson Contract" are inadmissible hearsay because Kulkarni lacks the foundation to present the testimony, and Kulkarni appears to be testifying to an ultimate legal conclusion as a fact witness. *See* FRE 801, FRE 601, FRE 701, 704.

4. Paragraph 18. Kulkarni does not have the requisite firsthand knowledge to testify as to the wire transfer that were not from Kyko to another entity. Therefore, Kulkarni's testimony regarding the purported wire transfer from PISL to Cemetrix is hearsay. *See* FRE 601; FRE 801. Likewise, exhibit 6 is inadmissible because Kulkarni lacks the knowledge and foundation to authenticate purported wire transfer slips from PISL to another company. *See* FRE 601, FRE 901.

5. Ex. 2. Shantanu Surpure's conclusions are inadmissible opinion testimony because he has not established that he has the requisite knowledge to serve as an expert and has failed to lay the foundation to serve as a fact witness. *See* FRE 601, FRE 701. Furthermore, the factual basis of his declaration, the purported exhibits, are not actually attached to his declaration. Therefore all factual statements he makes are hearsay. FRE 801.

MOTION TO DISQUALIFY COUNSEL - 3
NO.: 2:13-cv-01034

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

### B. Plaintiffs' Reliance on the Fact that Their Counsel Purchased the Computer "Lawfully" Fails to Recognize that the Issue at Bar is Manipulation of the Hard Drive to Capture and Exploit the Data Contained on it.

Plaintiffs' assertion that their actions and the actions of their counsel are acceptable and have not tainted this litigation because they "lawfully" purchased the computer fails to address the issue at hand. Defendants and Vuppalapati do not care that Plaintiffs purchased a computer. The issue is not hardware; the issue is the data Plaintiffs pulled from the hard drive when Vuppalapati had taken steps to delete and protect the data. Defendants will gladly pay for the cost of the computer, i.e. the sale price at auction, upon its return. In the alternative, Plaintiffs can keep the computer but return the hard drive. Regardless, the data— in particular the privileged communications between Vuppalapati and counsel— was not sold at auction. Had counsel simply purchased the computer for Plaintiffs because Plaintiffs wanted a lightly used computer at a significant discount, then there would be no issue. However, Plaintiffs' counsel purchased the computer for the <u>sole</u> purpose of mining data off the hard drive. This is coorborated by Kulkarni's declaration in which he openly admits "Plaintiffs (sic) goal in purchasing the Madhavi Computer was directed toward matters pertaining to Plaintiffs substantial and ongoing, post-judgment collection efforts, and with the aim of <u>identifying clues or evidence surrounding potential identity, location, and/or improper transfer of funds/assets…</u>"[1] Kulkarni admits counsel purchased the computer in order to obtain information regarding Defendants outside the confirms of Washington and Federal discovery rules. Plaintiffs' counsel asserted that they have "avoided reviewing documents that are arguably subject to attorney-client privilege", <u>but clearly Plaintiffs' counsel is aware of some of the content given that they have requested to use very specific information extracted from Vuppalapati's computer at trial.</u>

---

[1] Declaration of Kiran Kulkarni at ¶ 4 (emphasis added).

MOTION TO DISQUALIFY COUNSEL - 4
NO.: 2:13-cv-01034

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Plaintiffs' counsel may have purchased the computer at a sheriff's sale "legally." There is nothing objectionable to their acquisition had they made the purchase simply because either they or their client wanted a used computer. However, Kulkarni and counsel have already established that they have reviewed portions of the information obtained from the computer and that they intend to use the information in these proceedings and the proceedings in King County Superior Court. Given these facts, counsel's assertion that they purchased the computer lawfully does not absolve them of their wrongdoing nor the fact that they have tainted these proceedings. Disqualification is mandatory.

### C. The Notion that Counsel did not "Employ" Software to Gain Access to the Data on Vuppalapati's Hard Drive is Nonsensical Because Counsel at Miller Nash Admitted to Purchasing the Computer and Sending it to the Forensic Specialist to Extract the Data on the Hard Drive.

Plaintiffs' argument that they and their counsel did not employ any software or technology to gain access to Vuppalapati's data belies the fact that the only way that counsel and their clients obtained access to the information was through the use of a computer forensic expert. As noted in Defendants' motion, this is not a situation where Plaintiffs merely booted Vuppalapati's computer, logged into the operating system because it was not password protected, and then reviewed her emails and other documents because they were all readily accessible. Rather, Plaintiffs' counsel shipped the computer to a forensic expert to have him clone the hard drive and transferred the data to an external drive. From that external drive, Plaintiffs uploaded the information into their server system whereby it became readily accessible for their use and counsel's use. Clearly the steps Plaintiffs and their counsel took to retrieve the data extended beyond merely booting up Vuppalapati's computer because they took steps to bypass the operating system's password.[2]

---

[2] Reply Declaration of Anandhan Jayaraman.

MOTION TO DISQUALIFY COUNSEL - 5
NO.: 2:13-cv-01034

Plaintiffs' argument is not that Vuppalapati's computer was not password protected but rather that the data was easily cloned and that the hard drive was not encrypted.  Furthermore, there mere fact that counsel and their clients shipped the computer to a forensic specialist without first attempting to access the computer illustrates that they fully intended to retrieve information they had not obtained through discovery and that was not readily accessible to the public.  Disclosure of the information on Vuppalapati's computer was not inadvertent and Plaintiffs and their counsel's sole motivation for purchasing the computer was to mine it for data.  Again, disqualification is required.

<em><u>D.  The Acquisition of Privileged Information Through Non-Discovery Channels Raises Issues Regarding Whether Counsel Acted Ethically and Whether the Proceedings are Tainted Such that Withdrawal is the Only Remedy.</u></em>

Plaintiffs' attempt to distinguish the facts of this case from those of *Richards v. Jain* and WSBA Advisory Opinion 2216 highlights the very actions counsel took that warrant disqualification of counsel.  Similar to the facts in *Richard v. Jain*, Plaintiffs and their counsel did not obtain Vuppalapati's documents through normal discovery channels.  Like *Richard*, the issue at bar is not a matter that concerns waiver of privilege because Vuppalapati did not disclose the privileged communications, inadvertently or negligently, through the discovery process.  Instead, Plaintiffs' counsel purchased the computer and had a specialist clone the data on the hard drive so that Plaintiffs and their counsel could review documents that would not have been accessible to a disinterested purchaser.  <u>As Anandhan Jayaraman states, he installed a new operating system onto Vuppalapati's computer shortly before it was seized by the sheriff and he specifically remembers that he password protected access to Vuppalapati's account on the operating system.</u>  Therefore, the information was not available to anyone but rather only to those who were specifically looking for it.  Finally, there is little difference between the actions employed by Plaintiffs and the basic facts in

MOTION TO DISQUALIFY COUNSEL - 6
NO.: 2:13-cv-01034

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Advisory Opinion 2216. While the opinion is not authoritative to this Court, it is informative. Again, the issue is not that Plaintiffs simply logged onto Vuppalapati's account on the computer because it was not password protected. Rather, the issue is that Plaintiffs and their counsel took specific steps to access the data using methods that a lay person would not employ. As a result, Plaintiffs' actions do not materially differ from those of the attorney in Opinion 2216 who used methods to access metadata not readily accessible to a lay person.[3]

Plaintiffs and their counsel appear to belabor their stance that this case is a complicated case in which Vuppalapati[4] and Defendants colluded to defraud Plaintiffs of over $18,000,000.00. If that were actually the case, then Plaintiffs' preparation for the looming trial would have been markedly different. As it stands now, Plaintiffs do not have any evidence to present to the jury other than the documents within the docket. Plaintiffs have no forensic accountant to "follow the money" as Kulkarni puts it. Plaintiffs have no documentation to support the amount of damages they purport to have suffered. Clearly in a last ditch effort to have some evidentiary backing for their claims, Plaintiffs and their counsel purchased Vuppalapati's computer and then used non-pedestrian means to extract the data from the computer's hard drive. This is not a case of inadvertent disclosure nor is this an example of waiver through negligent disclosure. Accordingly, disqualification is proper.

## CONCLUSION

For these reasons and the reasons set forth in Defendants' Motion, Plaintiffs' counsel should be disqualified. If the Court finds that sanction to be too harsh, then Plaintiffs' counsel should be directed to return the computer's hard drive and delete all clones and/or copies made of the hard drive and the data contained thereon.

---

[3] Given the conclusion in Opinion 2216, coordination by counsel to obtain access to privileged information extracted from Vuppalapati's computer by the forensic expert appears to be a violation of RPC 4.4(a).
[4] It should be noted that Vuppalapati is no longer a party to this action as she already has a judgment against her.

MOTION TO DISQUALIFY COUNSEL - 7
NO.: 2:13-cv-01034

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Respectfully submitted the 6th day of June 2014.

        MDK LAW

        By:_____
        Mark D. Kimball, WSBA # 13146
        777 108th Ave. NE, Suite 2170
        Bellevue, WA 98004
        Tele: (425) 455-9610
        mkimball@mdklaw.com
        *Attorneys for Defendants*

MOTION TO DISQUALIFY COUNSEL - 8
NO.: 2:13-cv-01034

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Christina L. Haring-Larson, Keith Pitt
Christina@slindenlson.com, Amanda@slindenelson.com, Keith@slindenelson.com

Dated this 6th day of June 2014

      /s/ Mark D. Kimball
Mark D. Kimball, WSBA No. 13146

MOTION TO DISQUALIFY COUNSEL - 9
NO.: 2:13-cv-01034

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610