1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10   KYKO GLOBAL INC, et al.,                    CASE NO. C13-1034 MJP

11                  Plaintiffs,                  ORDER GRANTING IN PART AND
                                                 DENYING IN PART DEFENDANTS'
12        v.                                     MOTION FOR SUMMARY
                                                 JUDGMENT
13   PRITHVI INFORMATION SOLUTIONS
     LTD, et al.,

14
                    Defendants.
15

16

17        THIS MATTER comes before the Court on Defendants' Summary Judgment Motion to

18   Dismiss.  (Dkt. No. 282.)  Having considered the Parties' briefing and all related papers, the

     Court DENIES the motion in its entirety, except as to Satish Vuppalapati, who is DISMISSED
19
     for lack of jurisdiction.
20
                                         **Background**
21
          Plaintiffs Kyko Global, Inc., and Kyko Global GmbH, (together, "Kyko") are in the
22
     business of factoring—a type of financial arrangement where Kyko fronts money as advances on
23
     customer accounts receivable.  (Dkt. No. 11.)  In this fraud case ("the original action"), Kyko
24

1    alleges Defendants created fictitious entities that imitated legitimate businesses and their

2    transactions, defrauding Kyko of millions of dollars.  (<u>Id.</u>)

3         The Court issued an ex parte Temporary Restraining Order in June 2013, finding

4    Plaintiffs had adequately pleaded a prima facie case for fraud and were likely to succeed on the

5    merits of their claims.  (<u>Id.</u>)  Shortly thereafter, twelve of the named Defendants settled and

6    confessed to judgment.  (Dkt. Nos. 70, 116.)  The Court then denied a motion to amend the

7    complaint to add Satish Vuppalapati as a defendant, finding that the Court lacked personal

8    jurisdiction over him, and granted summary judgment in favor of Anandhan Jayaraman in his

9    individual capacity, but found that he remained in the case as a member of his marital

10   community with Madhavi Vuppalapati.  (Dkt. Nos. 101, 206.)  The case was scheduled to

11   proceed to trial in July 2014 against the Defendants that had not confessed to judgment—

12   Srinivas and Lalita Sista, Guru and Jane Doe Pandyar, and International Business Solution,

13   Inc.—but was stayed when the Sistas and the Pandyars declared bankruptcy.  (Dkt. No. 226.)

14        Kyko filed an adversary proceeding in the bankruptcy court against debtors Srinivas and

15   Lalita Sista ("the adversary proceeding"), contending that the debts were not dischargeable

16   because they resulted from fraud by the debtors and other Defendants in the original action.

17   (Dkt. No. 257.)  This Court granted Kyko's motion to withdraw the reference from the

18   bankruptcy court, and consolidated the adversary proceeding with the original action ("the

19   consolidated action.")  (<u>Id.</u>)  Because the underlying fraud involved Defendants which had

20   confessed to judgment in the original action, those Defendants were joined in the adversary

21   proceeding, and are now again before the Court in the consolidated action.  (<u>Id.</u>)  Satish

22   Vuppalapati and Anandhan Jayaraman were named as Defendants in the adversary proceeding,

23   and thus are also named in the consolidated action.  (<u>Id.</u>)

24

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT- 2

1    Defendants now move for summary judgment in favor of all Defendants who confessed

2  to judgment, for dismissal of the adversary proceeding in its entirety, for dismissal of Defendants

3  Satish Vuppalapati, Prithvi Information Solutions, Ltd., and Anandhan Jayaraman for lack of

4  jurisdiction, and for dismissal of Defendant International Business Solutions, Inc., and Plaintiff

5  Kyko Global, Inc.  (Dkt. No. 282.)  Plaintiffs oppose the motion on all grounds.  (Dkt. No. 287.)

6                                          **Discussion**

7      I.      Legal Standard

8              A.      Summary Judgment

9          Summary judgment is proper where "the movant shows that there is no genuine issue as

10  to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

11  56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine issue

12  of fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In assessing whether a party has met

13  its burden, the underlying evidence must be viewed in the light most favorable to the non-

14  moving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

15      II.     Bankruptcy Court Adversary Proceeding and Confessions of Judgment

16          Defendants argue that the adversary proceeding—initiated in the bankruptcy court and

17  now consolidated into the original action—was duplicative of the original action and improper in

18  its entirety because it seeks to relitigate issues resolved by the execution of valid, final

19  Confessions of Judgment.  (Dkt. No. 282 at 9-19.)  Plaintiffs argue that the adversary proceeding

20  was neither improper nor duplicative, is part of the same ongoing litigation, and is not precluded

21  by actions taken earlier in this case.  (Dkt. No. 287 at 5-11.)  Plaintiffs argue that the Confessions

22  of Judgment are not preclusive because they addressed only a dollar amount of indebtedness and

23

24

1   specifically did not contain any concessions or admissions regarding the merits of the dispute.

2   (Id.)

3          The preclusive effect of a judgment is defined by claim preclusion and issue preclusion,

4   which are collectively referred to by the federal courts as "res judicata." Taylor v. Sturgell, 553

5   U.S. 880, 892 (2008).  Washington courts also recognize claim and issue preclusion doctrines,

6   but use the term "res judicata" to refer only to claim preclusion, and use the term "collateral

7   estoppel" to refer to issue preclusion. Pederson v. Potter, 103 Wn. App. 62, 69 (2000).  For

8   clarity's sake, only the terms issue preclusion and claim preclusion will be used.

9          Under the doctrine of claim preclusion, a final judgment on the merits forecloses

10  successive litigation of the very same claim, whether or not relitigation of the claim raises the

11  same issues as the earlier suit. Taylor, 553 U.S. at 892; Pederson, 103 Wn. App. at 69.  Issue

12  preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and

13  resolved in a valid court determination essential to the prior judgment, even if the issue recurs in

14  the context of a different claim. Id.  By precluding parties from contesting matters that they have

15  had a full and fair opportunity to litigate, these two doctrines protect against the expense and

16  vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial

17  action by minimizing the possibility of inconsistent decisions. Taylor, 553 U.S. at 892.

18         Consent judgments "ordinarily occasion no issue preclusion … unless it is clear … that

19  the parties intend their agreement to have such an effect." Arizona v. California, 530 U.S. 392,

20  414 (2000).  "In most circumstances, it is recognized that consent agreements ordinarily are

21  intended to preclude any further litigation on the claim presented but are not intended to preclude

22  further litigation on any of the issues presented. Thus consent judgments ordinarily support claim

23  preclusion but not issue preclusion." Id. (quoting 18 Charles Alan Wright, Arthur R. Miller, &

24

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT- 4

1   Edward H. Cooper, <u>Federal Practice and Procedure</u> § 4443, 384–385 (1981)); <u>see also</u>

2   Restatement (Second) of Judgments § 27 cmt. e (1982) ("In the case of a judgment entered by

3   confession, consent, or default, none of the issues is actually litigated.").

4        Consent judgments "may sometimes count as the final judgment required for claim

5   preclusion." <u>See</u>, <u>e.g.</u>, <u>Inouye v. Kemna</u>, 504 F.3d 705, 708 (9th Cir. 2007) (citing 18 Charles

6   Alan Wright, Arthur R. Miller, & Edward H. Cooper, <u>Federal Practice and Procedure</u> § 4443 and

7   <u>Providence Health Plan v. McDowell</u>, 385 F.3d 1168, 1174 (9th Cir. 2004)).  Washington law

8   also provides that whether or not a confession of judgment is a final judgment on the merits for

9   the purposes of claim preclusion is to be determined on a case by case basis.  <u>Pederson</u>, 103 Wn.

10  App. at 70.  "In order that a judgment or decree should be on the merits, it is not necessary that

11  the litigation should be determined on the merits, in the moral or abstract sense of these words.

12  It is sufficient that the status of the action was such that the parties might have had their suit thus

13  disposed of, if they had properly presented and managed their respective cases." <u>Id.</u>

14       Under the doctrine of claim preclusion, federal courts generally require that: (1) the claim

15  decided in the prior adjudication is identical to the claim in the present action; (2) the prior

16  adjudication resulted in a final judgment on the merits; and (3) the party against whom claim

17  preclusion is asserted was a party or in privity with a party to the prior adjudication.  <u>Monahan v.</u>

18  <u>Emerald Performance Materials, LLC</u>, 705 F. Supp. 2d 1206, 1213 (W.D. Wash. 2010) (citing

19  <u>Sidhu v. Flecto Co., Inc.</u>, 279 F.3d 896, 900 (9th Cir. 2002)).  Under Washington law,

20  application of claim preclusion "requires identity between a prior judgment and a subsequent

21  action as to (1) persons and parties, (2) cause of action, (3) subject matter, and (4) the quality of

22  persons for or against whom the claim is made." <u>Pederson</u>, 103 Wn. App. at 69.

23

24

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT- 5

The Court finds that the Confessions of Judgment and the resulting judgments are not preclusive under either preclusion doctrine because they were not final judgments on the merits. While judgment has been entered by the Court against certain Defendants pursuant to their Confessions, both the Confessions and the judgments are for a dollar amount owed, exclusively. They explicitly indicate that the dollar amount is owed pursuant to contracts and agreements that preexisted the filing of the original action.  While the Confessions do make reference to the original action and "certain other claims asserted" in the suit, they also state that "[n]either the defendants in the Lawsuit nor any defendant executing this Confession of Judgment admits any of the allegations nor any claims in the Lawsuit, except for the amounts expressly admitted to be due and owing…"  (See, e.g., Dkt. No. 50 at 2.)  Because the Confessions explicitly indicate that no concessions or admissions are being made as to the merits of the claims in the original action, the Court finds that the judgments entered for a certain dollar amount owed are not final judgments on the merits of the claims asserted.  Therefore, they do not preclude litigation of those claims now.

Furthermore, the Court finds that the adversary proceeding was a continuation of the same ongoing litigation, not an improper or duplicative second action.  Defendants' motion to dismiss the adversary proceeding in its entirety and to bar further litigation of the claims against the judgment debtors is DENIED.

### III.    Anandhan Jayaraman

Despite an apparent controversy between the Parties as to Mr. Jayaraman's place in the case, the Parties agree that pursuant to a previous order of the Court, Mr. Jayaraman, in his individual capacity, has been dismissed, but that he remains in the case as a member of his

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT- 6

1   marital community with Defendant Madhavi Vuppalapati.  (Dkt. Nos. 206, 282 at 19, 287 at 11-
2   12.)  The Court can discern no reason to depart from that ruling now.

3           IV.     International Business Solutions, Inc.

4           International Business Solutions, Inc. ("IBS") is the only business-entity Defendant not to
5   have signed the settlement agreement with Plaintiffs or to have executed a Confession of
6   Judgment.  Before the Sistas and the Pandyars declared bankruptcy in July 2014, the original
7   action was scheduled to proceed to trial on the merits against the Sistas, the Pandyars, and IBS.
8   Defendants now argue that Plaintiffs have no viable claims against IBS because IBS did not
9   assign any accounts to Plaintiffs, and therefore, IBS should be dismissed from the suit.  (Dkt. No.
10  282 at 20.)  Plaintiffs argue that IBS did assign accounts to Plaintiffs and was part of the
11  underlying fraud, and that summary judgment should be denied.  (Dkt. No. 287 at 12-16.)

12          In support of their position that IBS had no relationship with Plaintiffs, Defendants offer
13  the testimony of Anandhan Jayaraman.  In a declaration dated May 6, 2015, Mr. Jayaraman
14  states that he is and has always been the sole officer and director of IBS, a North Carolina
15  corporation dissolved on August 13, 2010.  (Dkt. No. 283 at 2, 5.)  He states that the IBS which
16  he formed never assigned any accounts to Plaintiffs and never made any guarantees to them.  (Id.
17  at 2-3.)  Instead, Mr. Jayaraman claims that the factoring agreements and guarantees made with
18  Plaintiffs were made by another North Carolina company named International Business
19  Solutions, Inc., "whose CEO is a certain Mr. Subash Banda."  (Id.)  In support of this claim, Mr.
20  Jayaraman puts forward a contract between a company named International Business Solutions
21  and Plaintiffs, signed by Subash Banda as the CEO and by Satish Vuppalapati.  (Id. at 7-12.)

22          In a declaration dated March 28, 2013, Madhavi Vuppalapati, Mr. Jayaraman's wife, lists
23  an International Business Solutions, Inc., as a "Prithvi Compan[y]" whose sole director was

24

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT- 7

1   Subash Banda.  (Dkt. No. 290-6.)  The date of incorporation for the Prithvi IBS is the same as

2   the date of incorporation for Mr. Jayaraman's IBS, and the date of dissolution for both

3   companies is also the same.  (Dkt. Nos. 97 at 2-3, 283 at 5, 290 at 5-6.)

4          At his deposition, Guru Pandyar, a Defendant in the original action but not the adversary

5   proceeding, testified that Subash Banda is the brother-in-law (wife's brother) of Satish

6   Vuppalapati, Madhavi Vuppalapati's brother.  (Dkt. No. 290-8.)  Plaintiffs have also produced an

7   email from Mr. Jayaraman to Ms. Vuppalapati, dated March 30, 2012, in which he wrote "I

8   request u for 2 years to close IBS – a 10 minute job.  Its not just u ignore it..  u let Guru also

9   ignore my repeated emails."  (Dkt. No. 290-10 at 2.)

10          There is sufficient evidence for a reasonable fact finder to conclude that the Prithvi IBS

11   and the Jayaraman IBS are one and the same company, and to conclude that IBS was a part of

12   the scheme to defraud Plaintiffs.  Summary judgment in IBS's favor is DENIED.

13   V.      Satish Vuppalapati

14          In October 2013, the Court denied Plaintiffs' motion to amend their complaint in the

15   original action to add Satish Vuppalapati because the Court determined that it lacked personal

16   jurisdiction over him.  (Dkt. No. 101.)  Mr. Vuppalapati was named as a Defendant in the

17   adversary proceeding, and, as a consequence of the consolidation of the adversary proceeding

18   with the original action, is now named as a Defendant in the consolidated action.  (See Dkt. No.

19   257.)  Defendants now argue that the Court lacks jurisdiction over Mr. Vuppalapati because, as

20   the Court has already determined, it lacks personal jurisdiction over him because he lacks

21   minimum contacts with Washington, and because he was not properly served in the bankruptcy

22   proceeding.  (Dkt. No. 282 at 19.)  Plaintiffs argue that Mr. Vuppalapati was properly served in

23   the bankruptcy proceeding, and that based on newly discovered evidence, personal jurisdiction

24

1  exits over Mr. Vuppalapati in Washington regarding the claims alleged in the adversary

2  proceeding.  (Dkt. No. 287 at 16-19.)

3         On September 3, 2014, attorney Mark Kimball filed a notice of appearance on behalf of

4  Mr. Vuppalapati in the adversary proceeding that did not waive any service-related objections.

5  (Dkt. No. 288-2.)  On September 24, 2014, Mr. Kimball filed a motion to withdraw as counsel,

6  identifying without qualification a Bellevue, Washington, service address for Mr. Vuppalapati.

7  (Dkt. No. 288-3.)  On November 14, 2014, after the Court had granted Mr. Kimball's motion to

8  withdraw, Plaintiffs served Mr. Vuppalapati with the adversary complaint via first class mail at

9  the Bellevue service address pursuant to Fed. R. Bankr. P. 7004(b).  (Dkt. No. 288-4.)  Plaintiffs

10  also served Mr. Kimball with the complaint.  (Id.)

11         Defendants argue that service by mail is not permitted against foreign individuals, and

12  that the Bellevue service address is the address of a house rented by Mr. Vuppalapati's sister,

13  Madhavi Vuppalapati, and has never been Mr. Vuppalapati's dwelling house, usual place of

14  abode, or location from where he has conducted business.  (Dkt. Nos. 282 at 19, 292 at 5-7.)

15  Defendants argue Mr. Vuppalapati never provided Mr. Kimball with the Bellevue address as a

16  suitable service address, and it is insufficient that Mr. Vuppalapati may have been in a position to

17  informally receive the summons and complaint from his sister.  (Id.)  Plaintiffs argue there can

18  be no colorable dispute that Mr. Vuppalapati was at all times aware of the adversary proceeding,

19  in which he filed a notice of appearance.  (Dkt. No. 287 at 18-19.)  Plaintiffs argue Mr.

20  Vuppalapati should not be permitted to avoid receiving service at the address he provided to Mr.

21  Kimball, his then attorney.  (Id.)

22         The Court finds Mr. Vuppalapati was not properly served in the adversary proceeding

23  because the address to which the complaint was mailed is not Mr. Vuppalapati's home or place

24

1    of business, as the rule requires.  Because Mr. Vuppalapati was not properly served, the Court

2    lacks jurisdiction over him.  Satish Vuppalapati is DISMISSED.

3         VI.       Prithvi Information Solutions, Ltd. (India)

4              Defendants argue that Prithvi Information Solutions, Ltd., an Indian corporation ("PISL

5    India"), was not properly served in the adversary proceeding, and thus the Court lacks

6    jurisdiction over it.  (Dkt. No. 282 at 19-20.)  Plaintiffs argue that PISL India was properly

7    served in the adversary proceeding, and that, regardless of the adversary proceeding, PISL India

8    is the same entity as Prithvi Information Solutions, Ltd., a Pennsylvania corporation ("PISL

9    Pennsylvania"), a Defendant in the original action.  (Dkt. No. 287 at 19-22.)  Defendants argue

10   that, although PISL Pennsylvania is not a separate entity from PISL India, Plaintiffs have always

11   treated PISL India and PISL Pennsylvania as separate entities, requiring that each entity execute

12   the factoring agreements, guarantees, and Confessions of Judgment, and therefore Plaintiffs

13   should not be permitted to argue that PISL India was a party to the original action.  (Dkt. Nos.

14   292 at 7, 294 at 3.)

15             The Parties agree an entity called PISL Pennsylvania does not exist.  Rather, at least

16   some of PISL India's American operations are located in Pennsylvania.  Nevertheless, there has

17   never been any confusion regarding the involvement of an entity named Prithvi Information

18   Solutions, Ltd., which executed a guarantee to Plaintiffs and a Confession of Judgment.  (Dkt.

19   Nos. 290-1, 290-5.)    The Court finds that Plaintiffs intended to name PISL India in the original

20   action, and will allow Plaintiffs to amend their complaint under Fed. R. Civ. P. 15(a)(2) to

21   correct the entity's name.  While Plaintiffs made an error as to the Defendant's true name, there

22   was no mistake as to the actual identity of the company, which executed factoring and guarantee

23

24

1   agreements with Plaintiffs and which signed a Confession of Judgment.  Dismissal of PISL India

2   for lack of jurisdiction is DENIED.

3         VII.    Kyko Global Inc.

4         Defendants argue that all of the factoring agreements made between Defendants and

5   Kyko Global, Inc., a Canadian corporation, were assigned to Kyko Global GmbH, a Bahamian

6   corporation, and therefore there is no basis for Kyko Canada's claim of damages.  (Dkt. No. 282

7   at 20-21.)  Plaintiffs argue that Kyko Canada is a proper Plaintiff because Kyko Canada is the

8   parent company of Kyko Bahamas, a wholly-owned subsidiary, and Kyko Canada maintains a

9   substantial and ongoing financial interest in the recovery of the funds taken by Defendants.

10   (Dkt. No. 287 at 22-23.)  Plaintiffs argue that Defendants' attempt to remove Kyko Canada from

11   the case is an attempt to avoid a full exposition of the underlying fraud, part of which was

12   perpetuated on Kyko Canada, including the initial transfer of assets to various business-entity

13   Defendants.  (Id.)  Finally, Plaintiffs assert that any viable argument that Kyko Canada is not a

14   proper party to this suit has been waived because it was not included in the Defendants' Answer.

15   (Id.)

16         The Court finds Defendants have not met their burden of demonstrating that they are

17   entitled to judgment as a matter of law on this issue.  Dismissal of Kyko Global, Inc. is DENIED.

18                                 **Conclusion**

19         Defendants' Summary Judgment Motion to Dismiss is DENIED in its entirety except as

20   to Satish Vuppalapati, who is DISMISSED for lack of jurisdiction for failure to properly serve

21   him.  The Parties are ORDERED to submit an updated Joint Status Report regarding discovery

22   and case scheduling within **fourteen (14) days** of the date of this order.

23

24

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT- 11

1      The clerk is ordered to provide copies of this order to all counsel.

2

3      Dated this 30th day of July, 2015.

4

5

6                                          Marsha J. Pechman
7                                          Chief United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT- 12