1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**The Honorable Marsha J. Pechman**

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| KYKO GLOBAL, INC., a Canadian corporation, and KYKO GLOBAL GMBH, a Bahamian corporation,<br><br>                                        Plaintiffs,<br><br>v.<br><br>PRITHVI INFORMATION SOLUTIONS, LTD., an Indian corporation, et al.,<br><br>                                        Defendants. | Case No. 2:13-CV-1034 MJP<br><br>**JUDGMENT IN A CIVIL ACTION** |

Having conducted a bench trial from May 31 to June 1, 2016, and made detailed Findings of Fact and Conclusions of Law ("FFCL") (Dkt. #394), which FFCL dispose of all claims and issues in this matter, the Court now, pursuant to Fed.R.Civ.P. 58(a) and (b)(2)(B) directs the Clerk to enter a final judgment in these Consolidated Cases,[1] in favor of Plaintiffs, and against the following defendants on the following claims:

---

[1] This litigation originated with the complaint Plaintiffs filed on June 17, 2013 in <u>Kyko Global, Inc., et al. v. Prithvi Information Solutions, Ltd, et al.</u>, USDC, Western District of Washington, Case # 2:13-CV-01034 (the "Original Proceeding").  Defendants Srinivas and Lalita Sista filed Chapter 7 bankruptcy on June 17, 2014, <u>In Re Sistas</u>, US Bankruptcy Court, Western District of Washington, Case No. 14-14670 (the "Sista Bankruptcy Proceeding").  On July 30, 2014, Plaintiffs filed an Adversary Complaint, <u>Kyko Global, Inc. v. Srinivas Sista, et al.</u>, US Bankruptcy Court, Western District of Washington, Case No. 14-01316 (the "Adversary Proceeding"), against the Sistas and each of the named defendants.  All matters were consolidated, for all purposes, including a trial on its merits. (the "Consolidated Cases") (Dkt. #257).

Page 1 - **JUDGMENT IN A CIVIL ACTION**

Case No. 2:13-CV-1034 MJP

NOW, THEREFORE, THE COURT HAS ORDERED THAT as to Plaintiffs' First Claim for Relief (Fraud), Second Claim for Relief (Negligent Misrepresentation), and Third Claim for Relief (Conversion), judgment should be entered against the following defendants:

1.  Madhavi Vuppalapati, and her marital community (husband Anandhan Jayaraman);
2.  Srinivas Sista, and his marital community (wife Lalita Sista);
3.  Prithvi Information Solutions, Ltd, an Indian corporation;
4.  Ananya Capital, Inc., a Delaware corporation;
5.  Avani Investments, Inc., a Delaware corporation;
6.  DCGS, Inc., a Pennsylvania corporation;
7.  EPP, Inc., a Washington corporation;
8.  Financial Oxygen, Inc., a Washington corporation;
9.  Huawei Latin American Solutions, Inc., a Florida corporation;
10.  International Business Solutions, Inc., a North Carolina corporation;
11.  L3C, Inc., a Washington corporation;
12.  Prithvi Information Solutions International, LLC, a Pennsylvania limited liability company;
13.  Prithvi Solutions, Inc., a Delaware corporation; and,
14.  Inalytix, Inc., a Nevada corporation.

And that said judgment on Plaintiffs' First Claim for Relief (Fraud), Second Claim for Relief (Negligent Misrepresentation), and Third Claim for Relief (Conversion) should be entered in the amount of $33,579,660.00, which includes pre-judgment interest at the rate of 2.45% (calculated monthly), plus post judgment interest at the applicable rate pursuant to 28 U.S.C. § 1961.

FURTHER, THE COURT HAS ORDERED THAT as to Plaintiffs' Fourth Claim for Relief (CIVIL RICO), judgment should be entered against the following defendants:

1.  Madhavi Vuppalapati, and her marital community (husband Anandhan Jayaraman);
2.  Srinivas Sista, and his marital community (wife Lalita Sista);
3.  Prithvi Information Solutions, Ltd, an Indian corporation;
4.  Ananya Capital, Inc., a Delaware corporation;
5.  Avani Investments, Inc., a Delaware corporation;
6.  DCGS, Inc., a Pennsylvania corporation;
7.  EPP, Inc., a Washington corporation;
8.  Financial Oxygen, Inc., a Washington corporation;

9.      Huawei Latin American Solutions, Inc., a Florida corporation;
10.      International Business Solutions, Inc., a North Carolina corporation;
11.      L3C, Inc., a Washington corporation;
12.      Prithvi Information Solutions International, LLC, a Pennsylvania limited liability company;
13.      Prithvi Solutions, Inc., a Delaware corporation; and,
14.      Inalytix, Inc., a Nevada corporation.

And that said judgment on Plaintiffs' Fourth Claim for Relief (CIVIL RICO) should be entered in the amount of $100,738,980.00, which amount reflects a trebling, by the Court, of Plaintiffs' underlying damages pursuant to 18 U.S.C § 1964(c).  Judgment on Plaintiffs' Fourth Claim for Relief (Civil Rico) shall include post-judgment interest at the applicable rate pursuant to 28 U.S.C. § 1961.

FINALLY, THE COURT HAS ORDERED THAT the Petition for Discharge of Srinivas Sista and Lalita Sista is denied, and pursuant to 11 USC § 523(a)(2)(A), 11 USC § 523(a)(2)(B), 11 U.S.C. § 727(a)(3), 11 U.S.C. § 523(a)(4), and 11 U.S.C. § 523(a)(6) the Court enters a non-dischargeable money judgment in favor of Plaintiffs and against Srinivas Sista and his marital community (wife Lalita Sista), on the claims and in the amounts identified above.

Dated June 30, 2016.

William M. McCool
Clerk of Court

s/Paula McNabb
Deputy Clerk

Page 3 - **JUDGMENT IN A CIVIL ACTION**

Case No. 2:13-CV-1034 MJP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26