UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYKO GLOBAL, INC., a Canadian corporation, and KYKO GLOBAL GMBH, a Bahamian corporation,<br><br>      Plaintiffs,<br><br>v.<br><br>PRITHVI INFORMATION SOLUTIONS, LTD., a Pennsylvania corporation, PRITHVI CATALYTIC, INC., a Delaware corporation, PRITHVI SOLUTIONS, INC., a Delaware corporation, PRITHVI INFORMATION SOLUTIONS INTERNATIONAL, LLC, a Pennsylvania limited liability company, INALYTIX, INC., a Nevada corporation, INTERNATIONAL BUSINESS SOLUTIONS, INC., a North Carolina, corporation, AVANI INVESTMENTS, INC., a Delaware corporation, ANANYA CAPITAL INC., a Delaware corporation, MADHAVI VUPPALAPATI AND ANANDHAN JAGARAMAN, husband and wife and the marital community composed thereof, SATISH VUPPALAPATI, GURU PANDYAR AND JANE DOE PANDYAR, husband and wife and the marital community composed thereof, and SRINIVAS SISTA AND JOHN DOE SISTA, husband and wife and the marital community composed thereof, DCGS, INC., a Pennsylvania company, EPP, INC., a Washington corporation, FINANCIAL OXYGEN, INC., a Washington corporation, HUAWEI LATIN AMERICAN SOLUTIONS, INC., a Florida corporation, L3C, INC., a Washington corporation.<br><br>      Defendants. | Case No. 2:13-CV-1034 MJP<br><br><br><br>**REQUEST FOR JUDICIAL ASSISTANCE TO THE HIGH COURT OF THE HONG KONG SPECIAL ADMINISTRATIVE REGION, COURT OF FIRST INSTANCE** |

Pursuant to the Model Letter of Request under the Hague Convention on Taking Evidence Abroad in Civil or Commercial Matters, the Honorable Marsha J. Pechman, United States District Court Judge for the Western District of Washington, hereby makes the following request for judicial assistance to the High Court of the Hong Kong Special Administrative Region, Court of First Instance:

**1. Sender:**

United States District Court for the Western District of Washington
Marsha J. Pechman - United States District Court Judge
700 Stewart Street, Suite 2310
Seattle, WA 98101

**2. Chief Secretary for Administration and Central Authority of the Requested State:**

Chief Secretary for Administration
Hong Kong Special Administrative Region Government
Room 321, 3/F, East Wing
Central Government Offices
2 Tim Mei Avenue
Admiralty
Hong Kong, China

High Court of the Hong Kong Special Administrative Region, Court of First Instance
38 Queensway, Hong Kong, China

Sender hereby requests the Chief Secretary for Administration to receive this Letter of Request and to transmit same to the High Court of the Hong Kong Special Administrative Region, Court of First Instance.

**3. Person to Whom the Executed Request is to be Returned:**

Duncan Watt
Eversheds
21/F, Gloucester Tower
The Landmark
15 Queen's Road Central
Hong Kong, China
+852-2186-3200
Local Counsel for Kyko Global Inc. and Kyko Global GmbH

**4. Specification of the Date by Which the Requesting Authority Requires Receipt of the Response to the Letter of Request:**

As soon as the Requested Authority is able to process the Request but no later than March 13, 2017.

IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOUR TO SUBMIT THE FOLLOWING REQUEST:

**5.**

**a. Requesting Judicial Authority (Article 3, a):**

United States District Court for the Western District of Washington

**b. To the Competent Authority of (Article 3, a):**

Hong Kong - High Court of the Hong Kong Special Administrative Region, Court of First Instance.

**c. Names of the Case and Any Identifying Number:**

Kyko Global Inc. and Kyko Global GmbH v. Prithvi Information Solutions Ltd. et al.

Case No. 2:13-CV-1034 MJP

**6. Names and Addresses of the Parties and Their Representatives (Including Representatives in the Requested State (Article 3, b):**

a. **Plaintiff:**

Jayson M. Macyda Esq.
General Counsel for Kyko Global Inc. and Affiliates
P.O. Box 87491
Canton, MI 48187

Keith Pitt
Slinde, Nelson, Stanford
MAIN:  111 SW Fifth Avenue, Suite 1940
Portland, OR 97204
WA:  601 Union Street, Suite 2600
Seattle, WA 98101

Duncan Watt
Eversheds
21/F, Gloucester Tower
The Landmark
15 Queen's Road Central
Hong Kong, China
+852-2186-3200
Local Counsel for Kyko Global Inc. and Kyko Global GmbH

b. **Defendants:**

Defendants have no known representatives.

c. **Other Parties:**

None.

7.

a. **Nature of the Proceedings (Divorce, Paternity, Breach of Contract, Product Liability, Etc.)(Article 3, c):**

Fraud and civil racketeering regarding commercial loan agreement.

b. **Summary of the Complaint:**

Plaintiffs provide accounts receivable factoring services. In November, 2011, Plaintiffs entered into a factoring agreement with Prithvi Information Solutions Ltd ("PISL").  Commencing in June 2013, and as amended in July 2014, Plaintiff filed a lawsuit against, among others, PISL and Prithvi Solutions Inc. ("PSI") that alleged, among other claims, fraud and federal civil racketeering based, in part, upon fraudulent financial documents produced by PISL and PSI to induce Plaintiffs to enter into the factoring agreement with PISL.

On June 30, 2016, the Court entered a money Judgment against, among others, PISL and PSI in the total amount of $100,738,980.00 USD. Plaintiffs now seek information to allow them to collect the Judgment.

Because a money judgment has been entered against the defendants, plaintiffs are entitled under U.S. federal law and Washington state law to obtain information from individuals that may enable Plaintiffs to collect the judgment by, without limitation, seizing cash, tangible and intangible assets and real and personal property. Please see Attachment "A" which provides a general description of U.S. federal law and Washington state law.

**c. Summary of the Defence and Counterclaim:**

PISL and PSI did not present a defense after being duly served with notice of the claims against them. Nevertheless, on May 31, 2016, to June 1, 2016, a bench trial was conducted. The Judgment entered against PISL and PSI is on the merits based on Plaintiffs' evidence against them.

8.

**a. Evidence to be Obtained or Other Judicial Act to be Performed (Article 3, d)):**

Plaintiffs have been appointed as collection agents to collect accounts receivable owing to PSI to allow Plaintiffs to obtain funds to satisfy the Judgment. PSI's financial books and records show, among other things, SSG Capital owes PSI $4,000,000 USD and Value Team Corporation owes PSI $18,900,000 USD (collectively "Receivables").

Plaintiffs have discovered that Shyam Maheshwari, Andreas Vourloumis and Wong Ching Him ("Witnesses") are directors of SSG Capital and Value Team Corporation. These individuals reside and/or transact business in Hong Kong and have personal knowledge regarding the Receivables.

Plaintiffs desire, and this Court requests, a Court order to compel these Witnesses to appear in their personal capacities in Hong Kong to provide deposition testimony regarding the Receivables.

**b. Purpose of the Evidence or Judicial Act Sought:**

To allow Plaintiffs to obtain information regarding the Receivables that may enable them to collect the monies owed to PSI which can be utilized to apply against the $100,738,980.00 USD Judgment.

**9. Identity and Address of Any Person to be Examined (Article 3, e):**

Shyam Maheshwari, Andreas Vourloumis and Wong Ching Him
Suite 7903, The Center
99 Queen's Road Central
Hong Kong, China

**10. Questions to be Put to the Persons to be Examined or Statement of the Subject Matter About Which They Are to be Examined (Article 3, f):**

The following are the areas of inquiry: (i) how and why the Receivables were created; (ii) whether the funds owing to PSI were received by Value Team Corporation/SSG Capital from another person or entity; (iii) whether the funds owing to PSI were transferred by Value Team Corporation/SSG Capital to another person or entity; and (iv) why Value Team Corporation/SSG Capital has not paid PSI/Plaintiffs.

**11. Documents or Other Property to be Inspected (Article 3, g)):**

None.

**12. Any Requirement that the Evidence be Given on Oath or Affirmation and Any Special Form to be Used (Article 3, h)):**

Testimony should be given under oath or affirmation at the office of Eversheds in Hong Kong, or via video link, at Plaintiffs' option, under U.S. federal law and Washington state law which provide Plaintiff the right to examine the witnesses in aid of execution of judgment. Attorneys Jayson M. Macyda or Keith Pitt shall conduct the examinations. Please see Attachment "A" which provides a general description of U.S. federal law and Washington state law.

In the event the High Court decides not to allow U.S. law and Washington state law to apply to the examinations, then Sender requests the High Court to apply Hong Kong law to the examinations. In this event, solicitor Duncan Watt shall conduct the examinations at the office of Eversheds in Hong Kong.

**13. Special Methods or Procedure to be Followed (e.g. Oral or in Writing, Verbatim, Transcript or Summary, Cross-Examination, Etc. (Articles 3, i) and 9)):**

Oral testimony recorded verbatim stenographically and by videotape. Please see Attachment "A" which provides a general description of U.S. federal law and Washington state law.

14. **Request for Notification of the Time and Place for the Execution of the Request and Identity and Address of Any Person to be Notified (Article 7):**

United States District Court for the Western District of Washington
Marsha J. Pechman - United States District Court Judge
700 Stewart Street, Suite 2310
Seattle, WA 98101

Jayson M. Macyda Esq.
General Counsel for Kyko Global Inc. and Affiliates
P.O. Box 87491
Canton, MI 48187

Keith Pitt
Slinde, Nelson, Stanford
MAIN: 111 SW Fifth Avenue, Suite 1940
Portland, OR 97204
WA: 601 Union Street, Suite 2600
Seattle, WA 98101

Duncan Watt
Eversheds
21/F, Gloucester Tower
The Landmark
15 Queen's Road Central
Hong Kong, China
+852-2186-3200
Local Counsel for Kyko Global Inc. and Kyko Global GmbH

15. **Request for Attendance or Participation of Judicial Personnel of the Requesting Authority at the Execution of the Letter of Request (Article 8):**

None.

16. **Specification of Privilege or Duty to Refuse to Give Evidence Under the Law of the State of Origin (Article 11, b)):**

None.

17. **The Fees and Costs Incurred Which are Reimbursable Under the Second Paragraph of Article 14 or Under Article 26 of the Convention will be borne by:**

Kyko Global Inc. and Kyko Global GmbH
One Wilkinson Road
Brampton, Ontario, Canada
L6T 4M6

DATE OF REQUEST: ___February 16, 2017_____

SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY:

_____

## ATTACHMENT "A"

The Federal Rules of Civil Procedure ("FRCP") govern civil litigation practice in United States District Courts. FRCP 69(a)(2) allows a judgment creditor, in aid of execution of judgment, to obtain discovery from any person as provided under the FRCP or by the procedure of the state where the court sits.

FRCP 30(b)(3)(A) permits depositions to be recorded by stenographic and audiovisual means. FRCP 28(b)(1)(C) permits depositions in a foreign country to be taken before a person authorized to administer oaths either by federal law or by the law in the place of examination.

FRCP 30(c)(1) allows examination and cross-examination of a deponent in accordance with the Federal Rules of Evidence ("FRE"). FRE 611(c) states that leading questions should not be used on direct examination except as necessary to develop the witness's testimony. However, leading questions are permitted generally on cross-examination and when a party calls a hostile witness, an adverse witness, or a witness identified with an adverse party.

FRCP 30(c)(2) states that objections to questions presented at the deposition must be stated in a non-argumentative and non-suggestive manner and noted on the record. However, the examination still proceeds and the testimony is taken subject to the objection which the court may rule upon after reviewing the transcript and hearing arguments from the parties. A deponent may refuse to answer a question only when necessary to preserve a legal privilege (such as the attorney-client privilege), to enforce a limitation ordered by the court, or to file a motion to the court to terminate or limit the examination on the basis the deposition is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent.

FRCP 69(a)(1) states that a money judgment is enforced by a writ of execution in accordance with the procedure of the state where the court is located and that a federal statute governs to the extent it applies. In the State of Washington, the Revised Code of Washington Annotated ("RCWA") 6.17.010 et. seq. governs execution of a judgment. A judgment creditor is permitted to directly obtain all real and personal property from the judgment debtor, or have a third-party deliver possession of same to the judgment creditor, to satisfy the judgment provided the real and personal property is not exempt by law from execution. The real and personal property may be sold, if necessary, to obtain proceeds to apply against the judgment. The judgment creditor may also garnish the judgment debtor's financial accounts held by third-parties, in an amount as determined under the applicable statute, to obtain funds to apply against the judgment.