UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYKO GLOBAL, INC. and KYKO GLOBAL GMBH,<br><br>            Plaintiffs,<br><br>    v.<br><br>PRITHVI INFORMATION SOLUTIONS, LTD., et al.,<br><br>            Defendants. | CASE NO. C13-1034 MJP<br><br>ORDER DENYING APPLICATION FOR RENEWAL OF JUDGMENT |

This matter comes before the Court on Plaintiffs' Application for Renewal of Judgment. (Dkt. No. 438.) Having reviewed the Application and supporting materials, the Court DENIES the Application without prejudice.

Execution of a federal court's judgment "must accord with the procedure of the state where the court is located, [unless] a federal statute governs." Fed. R. Civ. P. 69(a). Here, under Washington law, the party in whose favor a judgment has been recorded may "within ninety days before the expiration of the original ten-year period, apply to the court that rendered the

judgment . . . for an order granting an additional ten years during which an execution, garnishment, or other legal process may be issued." RCW 6.17.020(3). State law requires the moving party to "pay to the court a filing fee equal to the filing fee for filing the first or initial paper in a civil action in the court[.]" Id. And the statute instructs the court to renew judgments "as a matter of right, subject to review only for timeliness, factual issues of full or partial satisfaction, or errors in calculating the judgment summary amounts." Id.

Though the Court finds Plaintiffs' Application timely, it identifies two problems with the Application that impede issuance of a renewed judgment.

First, there is no evidence that Plaintiffs paid the filing fee as required by RCW 6.17.020(3). This fee must be paid, though the Court notes that it is considered a recoverable cost that "shall be included in the judgment summary." Id.

Second, the Application fails to contain sufficient evidentiary support to allow the Court to determine the accuracy of the new claimed judgment amount. The judgment Plaintiffs seek to extend was entered as follows: "$17,568,854 plus prejudgment interest accruing at the rate agreed to between the parties at 2.45% per month in the total amount of $796,776." (Amended Judgment (Dkt. No. 116).) Plaintiffs now ask for entry of judgment in the amount of $260,857,380.58, which Plaintiffs' Agent, Bernadette Carroll, claims reflects the "total of judgment with interest less payments received." (Declaration of Bernadette Carroll (Dkt. No. 43 at 4).) This $260 million judgment is the sum of $18,437,630.20 (the sum of the Amended Judgment) plus $249,308,378.77 in interest "accrued per month calculated weekly," less $6,101,852.44 in "payments received." (Id.) While the Court finds the basic math supports the net judgment amount, it lacks sufficient information to know whether the amount of interest claimed is accurately calculated. The declaration lacks any backup data or explanation of the

dates across which interest was calculated. Indeed, the declaration was signed on January 3, 2023, one year prior to the filing of the Application. Moreover, there is no detail about when the payments were received and how this was factored into Plaintiffs' interest calculations. Given the uncertainty about the claimed interest, including the lack of a time-frame, supporting data or calculation, or treatment of the payments received, the Court DENIES the Application. The denial is without prejudice. The Court will consider a renewed application that sets forth sufficient information to allow the Court to confirm that the interest is properly calculated to the date of the renewed application and that the interest calculations properly account for any payments received.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 25, 2024.

Marsha J. Pechman
United States Senior District Judge